HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff/Respondent,<br><br>    v.<br><br>ARMANDO BERNAL-JIMINEZ,<br><br>    Defendant/Petitioner. | Case No. CR05-5070RBL<br>Case No. CV08-5077RBL<br><br>ORDER |

THIS MATTER comes on before the above-entitled Court upon Defendant's Motion pursuant to 28 U.S.C. § 2255. Having considered the entirety of the records and file herein, the Court finds and rules as follows:

## I. BACKGROUND

On June 8, 2005 the defendant was convicted after a jury trial of (1) conspiracy to distribute methamphetamine, cocaine, and heroin in violation of 21 U.S.C. §§ 841(a)(1 and 846; (2) aiding and abetting the possession of methamphetamine, cocaine, and heroin in violation of 18 U.S.C. §2 and 21 U.S.C. § 841(a)(1); and (3) possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). On November 18, 2005 this Court sentenced the defendant to 120 months on the drug counts and 60 months to run consecutive for the weapon for a total imprisonment of 180 months. The United States Court of Appeals for the Ninth Circuit affirmed the conviction and sentence in an unpublished memorandum filed on February 28, 2007.

Defendant timely filed the instant motion on February 7, 2008, within the one-year statute of limitations contained in 28 U.S.C. § 2255(f).

In his motion, the defendant alleges that his trial and appellate counsel denied him the effective assistance of counsel in violation of his Fifth and Sixth Amendment rights in a variety of ways.[1]  In Ground One defendant alleges that his trial and appellate counsel were ineffective for failing to argue that there was insufficient evidence to convict him.  Ground Two alleges that his trial and appellate counsel were ineffective in failing to keep out at trial his post-arrest statements and for failing to raise the issue on appeal.  Ground Three alleges that his trial and appellate counsel were ineffective in failing to argue that Agent Satchell's testimony about the defendant's post-arrest statements were hearsay because Agent Satchell relied on the interpretation of Agent Cervantes.  And, finally, in Ground Four the defendant merely restates his previous arguments that he was denied the effective assistance of both trial and appellate counsel.

## II.  DISCUSSION

The defendant's claim that his conviction and sentence must be vacated because he had ineffective assistance of counsel is evaluated under the standard articulated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  To establish constitutionally ineffective assistance of counsel under *Strickland*, the defendant must show that (1) "counsel's performance was deficient," and (2) counsel's "deficient performance prejudiced the defense."  *Id*., at 687.  To show that counsel's performance was deficient, defendant must show that "counsel's representation fell below an objective standard of reasonableness," *id*., at 688.  This Court's "scrutiny of counsel's performance must be highly deferential[ ]" and the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id*., at 689.  To establish prejudice, the defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable[,]" *id*., at 687, and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different."  *Id*., at 694.

---

[1] Defendant alleges in Grounds One, Two, and Three that his counsel were "ineffective" and in Ground Four alleges that he was denied the right to "Effective Trial Counsel and Appellate Counsel."  The differing terminology is merely semantics and the Court will analyze the alleged errors under the same standard.

A. **<u>Ground One: Counsel Were Ineffective for Failing to Argue at Trial and on Appeal Insufficiency of the Evidence.</u>**

The defendant claims that both his trial counsel and appellate counsel rendered ineffective assistance because neither raised the issue that the evidence was insufficient to convict him on the conspiracy and aiding and abetting counts in the indictment. Initially, defendant is mistaken that his trial counsel failed to argue insufficiency of the evidence. At the close of the government's case, trial counsel moved for dismissal under Fed. R. Crim. P. 29 arguing that the evidence was insufficient to convict the defendant on the three charges he was facing: conspiracy to distribute narcotics, aiding and abetting the possession of narcotics, and possession of the weapon during and in furtherance of a drug trafficking crime. The Court denied the motion. Appellate counsel did not raise the issue on appeal.

The defendant admits that he was hired by co-defendant Salvador-Pineda to provide armed protection for a drug deal. He argues that this act does not make him guilty of the charged crimes. Bernal-Jiminez, however, misapprehends the legal ramifications of his actions. To be guilty of conspiracy one need only to become a member of a conspiracy (an agreement between two or more people to commit a criminal act) knowing of its object and intending to help accomplish it. And, to be convicted as an aider or abettor a person need only to act with the knowledge and intention of helping another commit the crime charged, in this case the possession of methamphetamine, cocaine, and heroin with intent to distribute. Providing armed protection to Salvador-Pineda knowing that Salvador-Pineda was participating in a drug transaction easily meets the legal definition of conspiracy, and of aiding and abetting the possession of narcotics.

Trial counsel made defendant's argument to the Court, and the Court rejected it. Trial counsel's performance was not deficient. Likewise, appellate counsel's decision to not raise the issue on appeal in light of the facts presented at trial and the law on conspiracy and aider and abettor liability was not deficient. Appellate counsel's decision "fell within the wide range of reasonable professional assistance" required of counsel in a criminal case. *Strickland*, 466 U.S., at 689.

B. **<u>Ground Two: Counsel Were Ineffective in Failing to Keep Out at Trial Defendant's Post-Arrest Statements and for Failing to Raise the Issue on Appeal.</u>**

The defendant claims that his trial counsel rendered ineffective assistance in a pretrial suppression hearing when he failed to argue that the defendant was confused when the agent read him both the

*Miranda* warnings and the warnings read to aliens who may be subject to administrative deportation proceedings. He claims that counsel erred by not directing the Court to a Ninth Circuit case, *United States v. San Juan-Cruz*, 314 F.3d 384 (9th Cir. 2002), which held that reading both sets of warnings may be confusing because they differ in one material way: there is no right to appointed counsel in a deportation proceeding.

Although trial counsel did not specifically cite to *San Juan-Cruz*, it is clear from the record of the suppression hearing that he was aware of the issue. Agent Cervantes testified that he read both the *Miranda* warnings and deportation warnings to the defendant. Under questioning by defendant's counsel, Agent Cervantes explained that he "blacked out" the offending language on the immigration rights form regarding the lack of a right to appointed counsel in deportation proceedings. From Agent Cervantes' testimony it is clear that the defendant was not given conflicting rights (i.e., right to an attorney in the criminal proceeding versus no right to an attorney in the deportation proceeding) and thus no *San Juan-Cruz* error occurred. Trial counsel did not render ineffective assistance when he did not cite specifically to *San Juan-Cruz* or make an explicit argument about the confusion because the argument is meritless.

Appellate counsel did not raise the issue on appeal. Again, like the insufficiency of evidence issue, in light of the record of the suppression hearing and the holding of *San Juan-Cruz*, appellate counsel acted reasonably by not raising this issue on appeal.

**C.    Ground Three: Counsel Were Ineffective in Failing to Argue that Agent Satchell's Testimony as to Defendant's Post-Arrest Statements Were Hearsay.**

The defendant claims that his trial counsel rendered ineffective assistance when he failed to object on hearsay grounds to Agent Satchell's testimony about his confession because Agent Satchell's testimony was based on Agent Cervantes' interpretation of the defendant's statements during the post-arrest interview. In support of his position that Agent Satchell's testimony was inadmissible hearsay, the defendant relies on two cases, *United States v. Nazemian*, 948 F.2d 522 (9th Cir. 1991) and *United States v. DaSilva*, 725 F.2d 828 (2nd Cir. 1983). These two cases do not support the defendant's position but instead make it clear that Agent Satchell's testimony was not hearsay. The standard gleaned from the cases is that the interpreter is an agent of the defendant and unless it is established that the interpreter was unqualified or had a motive to misinterpret, the statements are not hearsay.

The interpreter used by the investigating agents was Paul Cervantes, a Special Agent with the Department of Homeland Security. He testified that he was requested by another agent in his office to go to the DEA Office in Tacoma to provide translation services because the arresting officers had suspects in custody who spoke Spanish. He testified that he was Spanish speaking having grown up with two parents who were natives of Mexico and that while in the military he was a certified Spanish Linguist.

The defendant argues, without any support on the record, that he was "confused"[2] during the questioning by Agent Satchell as translated by Agent Cervantes. The record is clear, however, that Agent Cervantes was qualified to interpret and that he interpreted for all the defendants. *See Nazemian*, 948 F.2d at 528. Furthermore, the defendant, while stating that he was "confused" during the questioning, does not point to any inaccuracies in the translation. *Id*. The defendant has also not presented any evidence that Agent Cervantes who was not part of the criminal investigation had any motive to misinterpret.

Therefore, Agent Satchell's testimony was not hearsay and trial counsel acted reasonably in not objecting to clearly admissible evidence. Likewise, appellate counsel acted reasonably in not raising the issue on appeal.

### D. **Ground Four: Cumulative Error.**

In Ground Four the defendant merely restates the alleged errors in Grounds One-Three and claims that the errors cumulatively accounted to the denial of his right to the effective assistance of counsel. Based on the discussion above, neither trial counsel nor appellate counsel rendered constitutionally ineffective assistance of counsel.

Defendant's Motion pursuant to 28 U.S.C.§ 2255 is **DENIED.**

For the reasons stated in this Order, the Court declines to issue a certificate of appealability because the defendant has failed to make "a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

//
//
//
//

---

[2] See the discussion in part B.

**IT IS SO ORDERED.**

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 11th day of June, 2008.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE